UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOHN JEMMOTT,

            Plaintiff,

      -against-

NYC; NYPD; BROOKLYN NORTH TASK
FORCE,

            Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-7199 (WFK)

KUNTZ, II, United States District Judge.

Plaintiff John Jemmott, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed and plaintiff is granted thirty (30) days leave from the date of this order to file an amended complaint.

## BACKGROUND

Plaintiff alleges that "on a certain date in question," members of the 75th Precinct and the Brooklyn North Task Force, "illegally entered our home and destroyed property without valid documentation, being a said search warrant or a no knock warrant [and] none of these legal documents were produced at any time upon the entry of the residence nor were any of the officers sh[ields] displayed at anytime." Compl. at 3. Plaintiff seeks injunctive relief and, "compensation for the damage and destruction that was done to the property," and $10 million dollars. Compl. at 5.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

In order to maintain a § 1983 action, plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816

(1985)).

Plaintiff's claims cannot proceed against the New York City Police Department or Brooklyn North Task Force as they are not suable entities. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). This provision has been construed to mean that New York City departments and agencies, as distinct from the City itself, cannot be sued. See, e.g., Lopez v. Zouvelos, No. 13 CV 6474, 2014 WL 843219, at *2 (E.D.N.Y. Mar 04, 2014) (dismissing all claims against the NYPD as a non-suable entity); Henderson v. Kelly, No. 13 CV 5738, 2014 WL 689046, at *1 (E.D.N.Y. Feb 20, 2014) (same). Wingate v. City of New York, No. 08 CV 217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity).

Likewise, plaintiff's claim against the City of New York must be dismissed as he fails to allege any facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of his federally protected rights. See Bd. of County Comm'rs of Bryan County, OK v. Brown, 520 U.S. 397, 403-04 (1997); Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "[T]o hold a city liable under section 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Auth. of N.Y. and N.J., 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted). See also Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (stating that a mere assertion of a custom or policy is not sufficient to sustain a § 1983 claim

against a municipal defendant in the absence of any allegations of fact). Although plaintiff names the City of New York in the caption of his complaint, he does not allege any facts in the body of his complaint to support a Monell claim. See Merced v. City of New York, No. 14 CV 6285, 2014 WL 5682516, at * 2 (E.D.N.Y. Nov. 3, 2014) (quoting Dudley v. Meekins, No. 13 CV 1851, 2013 WL 1681898, at *4 (E.D.N.Y. April 17, 2013) ("Plaintiff's Complaint cannot reasonably be interpreted to allege facts sufficient to show that any alleged injury was caused by any policy or custom of the City.")).

Finally, although plaintiff lists Detective Joel Polichron as a defendant on page 2 of the form complaint, he supplies no facts concerning this defendant in the body of the complaint. Thus, it is unclear what Detective Polichron's alleged involvement in this incident is and any claims against him are dismissed without prejudice.

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is granted thirty (30) days leave from the date of this order to file an amended complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff must identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. He must set forth factual allegations that are personal to plaintiff to support his claims against all individually named defendants. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe along with their title (for example, Police Officer John Doe or

Correction Officer Jane Doe, etc.). To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. Plaintiff must also provide the dates and locations for each relevant event.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If plaintiff fails to comply with this order within the time allowed, judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
January 13, 2016

5